IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| KEVIN GERVAIS BUTLER<br><br>Plaintiff<br>v.<br><br>FEDERAL EXPRESS CORPORATION<br><br>Defendant. | Case No.: 1:19-cv-03477-JMC<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR SOUTH CAROLINA AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation ("FedEx") files this Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Magistrate Court of Aiken, Aiken County, South Carolina, under Case No.: 2019-cv-0210401431. Removal is proper for the following reasons:

1. On November 13, 2019, the Plaintiff filed this action in Magistrate Court of Aiken, Aiken County, South Carolina, under Case No.: 2019-cv-0210401431. FedEx received service of this action on November 18, 2019, and thirty days since such receipt has not yet expired.

2. The United States District Courts have original jurisdiction by reason and way of federal question jurisdiction, 28 U.S.C. § 1331.

3. The claims asserted by the Plaintiff in its Complaint and the liability of FedEx, if any at all, are governed by an international treaty, namely the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No.. 106-45 (the "Montreal Convention"). Plaintiff's Complaint seeks damages resulting from a shipment travelling from China to the United States that did not clear customs because neither the shipper nor the Plaintiff timely provided all necessary documentation for clearance. Because

both China and the United States are signatories to the Montreal Convention, claims for damages resulting from undelivered international cargo fall within the scope of Article 19 of the Montreal Convention and the Montreal Convention completely preempt state law claims for injuries falling within its scope. *See Byrd v. Comair, Inc.*, 501 F. Supp. 2d 902 (E.D. Ky. 2007); *Knowlton v. Am. Airlines, Inc.*, No. CIV.A. RDB-06-854, 2007 WL 273794, at *5 (D. Md. Jan. 31, 2007) (denying motion to remand) ("The treaties were designed to create a uniform system of liability among airlines for claims arising from international flights.") (citation omitted).

4. The Defendant may, under section 1441 of the Judicial Code, 28 U.S.C. § 1441, remove this action to this court because this is a civil action of which the district courts of the United States have original jurisdiction that is brought in a state court.

5. Attached hereto as Exhibit "A," is a true and correct copy of the complaint filed in this action in the Magistrate Court of Aiken, Aiken County, South Carolina, under Case No.: 2019-cv-0210401431.

6. A Notice of Filing of this Notice of Removal is being concurrently filed with the Magistrate Court of Aiken, Aiken County, South Carolina.

**WHEREFORE**, FedEx prays that this civil action be removed to this Court from the Magistrate Court of Aiken, Aiken County, South Carolina.

[Signature to Follow]

Dated: This the 13th day of December, 2019.

        Respectfully Submitted,

        /s/ Jordan M. Crapps
        Jordan M. Crapps (FED ID 12418)
        GALLIVAN WHITE BOYD P.A.
        1201 Main Street, Suite 1200
        Columbia, SC 29201
        (803) 779-1833
        jcrapps@gwblawfirm.com
        ***Attorney for Federal Express Corporation***

**CERTIFICATE OF SERVICE**

I, do hereby certify, that a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system and sent via FedEx Express, this the 13th day of December, 2019, to:

> Andrea R. Hippely, Esq.
> 518 Highland Park Terrace
> Aiken, South Carolina 29801

/s/Jordan M. Crapps, Esq.
Jordan M. Crapps, Esq.