IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kevin Gervais Butler, | ) | |
| | ) | Civil Action No.: 1:19-cv-03477-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Federal Express Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Plaintiff Kevin Gervais Butler ("Plaintiff"), who is proceeding *pro se*,[1] brought this action against Defendant Federal Express Corporation ("Defendant" or "FedEx") alleging that FedEx failed to deliver a custom-made garage door he ordered from China. (ECF No. 1-1 at 6-7.) This matter is before the court upon review of Plaintiff's Objections (ECF No. 44) to the Report and Recommendation issued by the Magistrate Judge on November 9, 2020 ("Report") (ECF No. 41). The Report recommended that the court grant Defendant's Motion for Summary Judgment. (ECF No. 27.) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 41), and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 27).

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff ordered a custom garage door from Alland Building Industry Limited a/k/a Shenzhen Huajida Technology Company ("Shenzhen"). (ECF No. 41 at 2-3.) In turn, Shenzhen engaged FedEx to ship the garage door from China to "Kevin" in South Carolina. (*Id.*) FedEx then transported the garage door without incident until it arrived at U.S. Customs and Border Protection ("CBP"). (*Id.* at 3.) CBP stated it would not release the garage door "into the United States because of inadequate paperwork." (*Id.* (citation omitted).)

FedEx Customs Trade Specialist Destiny Winkler repeatedly attempted to contact Plaintiff regarding the hiccup at CBP, "informing him that the shipment could not clear customs without a Form 5106, requesting he complete a Form 5106, and notifying him of the deadline for doing so." (*Id.*) Winkler sent at least five emails to Plaintiff, and he apparently responded to one. (ECF No. 27-1 at 38-48, 55.) But Plaintiff never provided the form in a timely manner, so FedEx thereafter transported the garage door back to China, "destroyed the door upon Shenzhen's written request," and gave no refund to Plaintiff. (ECF No. 41 at 4.)

At the time of the shipment, the FedEx Service Guide International Terms and Conditions ("FedEx Conditions") included a Customs Clearance section which provided the following: "We assume no responsibility for our inability to complete a delivery due to incorrect or missing documentation, whether or not we attempt to notify the recipient or sender." (ECF No. 27-1 at 27.) Likewise, the Liabilities Not Assumed section provided that FedEx "will not be liable for . . . any loss, damage, . . . [or] nondelivery. . . caused by or resulting in whole or in part from . . . [FedEx's]

---

[2] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

inability or failure to complete a delivery, or a delay to any delivery, due to acts or omissions of customs or other regulatory agencies." (*Id.* at 30-31.)

Plaintiff thereafter filed the instant action in state court claiming he was owed a refund for FedEx's failure to deliver the garage door. (*See* ECF No. 1-1.) Plaintiff brought his claims under the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309, 1999 WL 33292734 ("Montreal Convention"). FedEx subsequently removed the case to federal court and filed the instant Motion for Summary Judgment. (*See* ECF Nos. 1, 27.)

The Magistrate Judge issued the Report on November 9, 2020, suggesting Defendant's Motion for Summary Judgment be granted. (ECF No. 41.) Specifically, the Magistrate Judge explained that, under the Montreal Convention, the cosignor or shipper is responsible for providing the correct paperwork, "including required customs documentation, before the cargo can be delivered to the consignee or recipient[.]" (ECF No. 41 at 9.) The Magistrate Judge relied on a substantially similar case, *BDM, LLC v. Fed. Exp. Corp.*, C/A No. C05-1347-MJB, 2006 WL 889788 (W.D. Wash. Mar. 31, 2006) to conclude FedEx was not required to ensure all customs documents were correct and thus was not liable. (ECF No. 41 at 9-10.) The Magistrate Judge further observed that the FedEx Conditions also provided relief to Defendant, including the Customs Clearance and Liabilities Not Assumed sections. (*Id.* at 10-11.) At bottom, the Magistrate Judge found FedEx was not liable because "(1) Defendant contacted Plaintiff multiple times regarding the needed customs paperwork, (2) Plaintiff failed to timely submit the needed paperwork, and, (3) because the loss resulted from the acts and omissions of CBP, Plaintiff, and the shipper, which bears the duty to provide the necessary paperwork under the parties' contract and the Montreal Convention, Defendant assumed no liability for the shipment." (*Id.* at 11.)

3

## II. JURISDICTION

This court has jurisdiction over Plaintiff's claims via 28 U.S.C. § 1441 because the claims arise under an international treaty. *See Knowlton v. Am. Airlines, Inc.*, No. CIV.A. RDB-06-854, 2007 WL 273794, at *5 (D. Md. Jan. 31, 2007).

## III. STANDARD OF REVIEW

A. <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)

(quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

B.   Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

## IV. DISCUSSION

Plaintiff does not lodge any specific objection to the Magistrate Judge's findings. (*See* ECF No. 44.) Instead, Plaintiff rehashes his contentions that FedEx never delivered his garage door. (*Id.*) He also offers a new argument that he was unaware of the U.S. Custom's requirement of a

5

Form 5106.[3] (*Id.*) Defendant counters that, even assuming Plaintiff's new contention is properly raised for the first time in his Objections, it remained Plaintiff's duty "to provide correct and complete customs paperwork and not FedEx as the carrier." (ECF No. 45 at 2.)

Here, even assuming Plaintiff's new argument is properly before the court, his contention is without merit. Under the Montreal Convention and FedEx Conditions, it is clear FedEx had no duty to ensure customs' paperwork was properly completed. Indeed, Plaintiff has submitted no evidence to dispute these facts. (*See* ECF No. 41 at 3 n.3.) Otherwise, no party has brought specific objections to the Report and the court finds no clear error on the face of the record. Accordingly, the court accepts the Report and grants Defendant's Motion for Summary Judgment.

## V. CONCLUSION

For the reasons discussed above, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and adopts the findings herein (ECF No. 41), and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 27).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 14, 2020
Columbia, South Carolina

---

[3] Plaintiff specifically states "I am in argument with FedEx as to what a 5106 is. I have attempted several times to get an explanation and no response." (ECF No. 44.)